IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:16-CV-377LY |
| PEVETO COMPANIES, LTD<br>*Defendant* | §<br>§<br>§ | |

## DEFENDANT'S ORIGINAL ANSWER TO AND COUNTERCLAIM

Defendant, PEVETO COMPANIES, LTD., by and through its undersigned attorneys files this *Defendant's Original Answer to Plaintiff's Original Complaint.*

### I. ADMISSIONS AND DENIALS

1. Defendant admits that Plaintiff is physically disabled and that he has brought his actions under the statutes set forth in paragraph one of the Complaint.

2. Defendant denies the allegation in paragraph 2 that we did not provide ADA-Compliant Van Accessible Parking and that the Plaintiff has been denied the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at the Brake Check.

3. Defendant specifically denies the allegations in paragraph 3 – *i.e.,* that this Court has subject matter jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101, *et seq.* Specifically, in an ADA Title III case, a plaintiff's sole recourse is injunctive relief, and therefore, to have standing, he must "show a significant possibility of future harm; it is insufficient to demonstrate only past injury.[1] So, under

---

[1] *Kramer v. Brodie Oaks Center, Ltd.,* 2014 WL 690629, 2 (W.D.Tex 2014, *no writ*) (unpublished opinion) (citing *O'Shea v. Littleton,* 94 S.Ct. 669 (1974) and *City of Los Angeles v. Lyons,* 103 S. Ct. 1660 (1983)).

1

"deterrent effect" doctrine, not only must plaintiff establish he visited the location, he must establish that he is "able and ready to visit the facility once it is made compliant."[2]

4. Defendant admits the allegations in paragraph 6 as to ownership of the real estate and the operation of its business at that location. Defendant denies that sufficiently affects commerce to invoke Title VIII of the Americans with Disabilities Act.

5. Without federal question jurisdiction provided by the Americans with Disabilities Act of 1990, there is no federal question. Under the circumstances, there would only be questions of state law, and this court would have no pendant jurisdiction under 28 U.S.C. 1367(a).[3]

6. Defendant admits the allegations in paragraph 7 and 8.

7. Defendant denies the allegations in paragraph 9 and 10.

8. Defendant is not aware of sufficient facts at this time to admit or deny the allegations in paragraphs 11 and 12 regarding the Plaintiff's patronage of Defendant's business.

9. Defendant denies the allegations in paragraph 13 as there exists no barrier as alleged by Plaintiff at the location in question.

10. Defendant denies the allegations in paragraph 14 that it does not have the required number of ADA parking spaces.

11. Paragraph 15 is a statement of how long the ADA has been federal law and requires no admission or denial.

12. Defendant denies the allegations in paragraph 16 and 17.

---

[2] *Id.* Quoting *Bettancourt v. Federated Department Stores,* 732 F.Supp.2d 693, 709 (W.D.Tex 2010)).
[3] See *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.Supp. 1244, 1255 (6th Cir. 1996) (finding dismissal of federal claim for lack of subject matter jurisdiction leaving solely state claims deprives the court of supplemental jurisdiction).

13. Paragraphs 18, 20 and 21 are statements regarding what the federal and state laws are with regard to accommodation and, as such, require no admission or denial.

14. Defendant admit the allegations in Paragraph 22 that Defendant's business is a retail store.

15. Defendant denies the allegations in Paragraphs 23 and 24.

## II. COUNTERCLAIM

16. Title 42 U.S.C.A. §12205 allows for attorney's fees, litigation expenses , and costs to the "previling party" in ADA litigation.[4] "[A] district court may in its discretion award attorney's fees to a prevailing *defendant* only if the court finds that the plaintiff's claim was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[5] In the event Defendant is the prevailing party in this suit, it is entitled to its attorney's fees, litigation expenses, and costs on these grounds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Peveto Companies, Ltd. prays that upon final hearing hereof Plaintiff takes nothing against Defendant by those claims. Further, in the event Defendant prevails against Plaintiff, it prays for an award of costs under the Federal Rules of Civil Procedure as well as fees and expenses, all as set forth above.

Respectfully submitted,

By: _____
BARRY A. McCLENAHAN

---

[4] See *Seawright v. Charter Furniture Rental, Inc.,* 39 F.Supp.2d 795, 802 (N.D. Tex., 1999) (citing 42 U.S.C.A. §12205).

[5] See *Seawright v. Charter Furniture Rental, Inc.,* 39 F.Supp.2d 795, 802 (N.D. Tex., 1999) (citing 42 U.S.C.A. §12205).

State Bar No. 13404400
barry@mcclenahanlawfirm.com

THE MCCLENAHAN LAW FIRM, PLLC
1901 NW Military Hwy, Suite 218
San Antonio, Texas 78213
Telephone: (210) 525-9600
Facsimile: (210) 525-9602
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned represents that a true and correct copy of the foregoing documents was transmitted to those individuals set forth below pursuant to the Federal Rules of Civil Procedure on the 31st day of May, 2016.

Omar W. Rosales
P.O. Box 6429
Austin, Texas 78762-6429

Via email to: omar@owrosales.com
and
facsimile: 512-309-5360

_____
Barry A. McClenahan